IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD S WILLETT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 19-cv-04364-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |

Plaintiffs Donald and Andrea Willett sued the United States after the Internal Revenue Service (IRS) denied their administrative claim seeking a refund. The Willetts seek a refund of delinquency penalties the IRS assessed against them when they failed to timely file their 2014 federal income taxes. See Motion to Dismiss First Amended Complaint (MTD) (dkt. 22) at 1–2. The United States moved to dismiss the Willetts' claims. This Court heard that motion on November 8, 2019. The Court took the Motion to Dismiss under submission and granted the Willetts leave to amend their Complaint to address the issues of (1) why the Willetts could not obtain their tax documents and (2) whether that would be a sufficient justification for their late filing. The Willetts' amended complaint does not plead facts sufficient to state a claim for a refund. The United States' Motion to Dismiss the First Amended Complaint is therefore granted.

## I. BACKGROUND

In August of 2015, the Willetts gave their 2014 tax documents to a certified public accountant, Anne Goode, to prepare prior to an October 15, 2015 filing deadline. See FAC (dkt. 20) ¶¶ 9, 49. Those tax documents included the Willetts' original K-1s, W-2s, and 1099s. FAC ¶ 9. After giving Ms. Goode the original documents, the Willetts repeatedly attempted to contact her, but she never answered. See FAC ¶¶ 10–25. In October 2015, Ms. Goode finally

responded and told them she was seriously ill, would prepare their tax return after her release from an extended care home, and would pay any penalties and interest resulting from their late filing. Id. ¶ 15.

The Willetts allege that they relied on Ms. Goode's assertions based on their "long-standing relationship with her." FAC ¶ 46; see Willett Opp'n to MTD (dkt. 23) at 9. And because of that long-standing relationship, the Willetts assert they followed the "previous pattern of interaction with [Ms. Goode], and subsequently escalat[ed] attempts to get the return information." Willett Opp'n to MTD at 8–9. On November 19, 2015 (after the October 15, 2015 filing deadline) Andrea Willett visited Ms. Goode's home, where "Ms. Goode once again assured she would have the plaintiff's tax return completed." FAC ¶ 21. But after that conversation in November 2015, the Willetts never heard from Ms. Goode again, despite multiple attempts to reach her at home and by phone. Id. ¶ 22. Between December 2015 and June 2016, the Willetts continued their unsuccessful attempts to contact Ms. Goode. See FAC ¶¶ 22, 24–25. Ms. Goode died on February 21, 2017. See FAC ¶ 35, Ex. F.

The Willetts "began calling backup CPA firms" on December 18, 2015. Id. ¶ 23. But none of the firms agreed to help because the firms were "too busy or the [Willetts'] circumstances were too problematic." Id. The Willetts were unable to find a CPA to help them until June 1, 2016 and they filed their return on September 26, 2016. Id. ¶¶ 26, 28. The same day, the IRS assessed a late-filing penalty of $34,712.55 against them, and a late payment penalty of $6,238.63. Id. ¶¶ 29–30; MTD at 3. The Willetts paid the penalties and interest in full by March 31, 2017. See FAC ¶ 31. On August 31, 2018, they filed with the IRS a claim for refund for the 2014 tax year. Id. ¶ 40.

The United States moved to dismiss the Complaint. See generally Motion to Dismiss Comp. (dkt. 11). The Court heard the motion on November 8, 2019, granted leave to amend, and took the matter under submission pending filing of the Amended Complaint. On December 5, 2019, Donald and Andrea Willett filed an Amended Complaint. See generally FAC. The Willetts claim the United States did not properly assess penalties for failure to file taxes under 26 U.S.C. § 6651(a)(1). Id. The Willetts currently seek a refund of $46,171.34, as well as interest under 26

U.S.C. § 7426(g) for the time the IRS held the money. On December 19, 2019, the United States filed a Motion to Dismiss the Amended Complaint.

For the reasons explained below, the Court grants the Motion to Dismiss the Amended Complaint with prejudice.

## II. LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Fed. R. Civ. P. 8(a)(2). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Fed. R. Civ. P. 12(b)(6). For purposes of evaluating a motion to dismiss, a court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of L.A., 828 F.2d 556, 561 (9th Cir. 1987).

If a court does dismiss a complaint for failure to state a claim, it should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A court nevertheless has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

### A. Failure to State a Claim

"A taxpayer seeking a tax refund bears the burden of proving that the assessment was incorrect and proving the correct amount of the tax owed." Ray v. United States, 762 F.2d 1361, 1362 (9th Cir. 1985). Under 26 U.S.C § 6651(a)(1) and (2), the IRS assesses penalties against taxpayers who fail to timely <u>file</u> a return and fail to timely <u>pay</u> the indicated amount "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." The taxpayer faces a "heavy burden" to show the failure is due to reasonable cause. United States v. Boyle, 469

3

U.S. 241, 245 (1985).

The tax regulations contemplate reasonable cause differently for late-filing penalties and late-payment penalties. The Willetts seek a refund of both the late-filing penalty and the late-payment penalty. This order addresses each claim in turn.

### 1. Late-Filing Penalty

For late-filing penalties, "to demonstrate 'reasonable cause,' a taxpayer filing a late return must show that he 'exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time.'" Id. at 243 (internal citations omitted). "The failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing under § 6651(a)(1)." Id. at 252; see also Knappe v. United States, 713 F.3d 1164, 1169 (9th Cir. 2013).

The Willetts' allegations do not sufficiently plead reasonable cause entitling them to a refund for the late-filing penalties. Their allegations illustrate that they relied on their CPA, Ms. Goode, who possessed the original copies of their tax documents, became seriously ill, and was unable to complete their 2014 tax return on time. See FAC ¶ 49. In their Amended Complaint, the Willetts attempt to salvage their claims by providing a detailed timeline of the failed attempts to contact Ms. Goode. See FAC ¶¶ 9–25. However, this timeline fails to demonstrate ordinary care, because it merely illustrates the numerous attempts to contact Ms. Goode. See generally id. But those allegations plead no excuse for the late-filing other than reliance on the Willetts' agent, which is not "reasonable cause" under Boyle.

The Willetts' argument that their reliance on an agent constitutes reasonable cause are not well taken. They rely on the Appeals Court decision from Boyle v. United States. See Willett Opp'n to MTD at 7. But the appellate decision in Boyle is irrelevant, because that decision was reversed by the Supreme Court. See 469 U.S. at 245. The Willetts also argue that the court's holding was narrowly tailored to the facts before it, and that "reasonable cause," should be determined on a case-by-case basis. Willett Opp'n to MTD at 7. But contrary to the Willetts' narrow reading of the case, it is clear that Boyle stands for the broader proposition that reliance on one's agent does not establish "reasonable cause." 469 U.S. at 251.

4

It is true that the Ninth Circuit has held, in the case of a corporate-taxpayer, that reliance on an agent can establish reasonable cause if the taxpayer shows that "it was <u>disabled</u> from complying timely"—e.g., where its agent's conduct was beyond the taxpayer's control or supervision. See <u>Conklin Bros. of Santa Rosa, Inc. v. United States</u>, 986 F.2d 315, 318–19 (9th Cir. 1993).

The Willetts are individual taxpayers. See FAC ¶ 6. The Ninth Circuit has not extended <u>Conklin</u> to a case involving individuals. However, it is unnecessary for the Court to decide whether <u>Conklin</u>'s disability exception applies to cases involving individual taxpayers, because even if it does, the Willetts have not adequately alleged that the exception applies.

The Willetts' Amended Complaint does not show that they had reasonable cause because they were "disabled from complying timely." See <u>Conklin</u>, 986 F.2d at 318. The Willetts seem to imply that Ms. Goode's possession of the original tax documents "disabled" them from filing their taxes themselves, see FAC ¶¶ 9, 51, and prevented them from hiring another CPA, see FAC ¶ 52. They allege that they made attempts to contact other CPAs, and that those other CPAs would not take them as clients. FAC ¶ 23. The insufficiency of these allegations is apparent when compared to other cases holding that the disability exception did not apply. In <u>Conklin</u>, the agent in charge of Conklin's tax obligations, the corporation's controller, failed to timely file Conklin's returns. 986 F.2d at 316. For over two years the controller also "intercepted and screened the mail," "altered check descriptions and the quarterly reports," and "concealed the deficiencies by undertaking the performance herself of all payroll functions." <u>Id.</u> Although the controller's concealment meant that Conklin's officers were not aware of the IRS's penalty assessments, the Ninth Circuit held that the controller's "intentional misconduct" was not enough to establish that Conklin was disabled from timely complying. <u>Id.</u> at 318. The Willetts' allegations do not suggest that their agent's misbehavior was remotely comparable to the controller's misconduct in <u>Conklin</u>.

The United States also cites persuasive Tax Court cases that suggest the Willetts' circumstances would not demonstrate "reasonable cause." See United States MTD at 5; <u>Thibodeaux v. Comm'r</u>, No. 14743-03S, 2005 WL 1763772, at *4 (T.C. July 27, 2005) (taxpayer's accountant's lengthy illness, and the fact that others at the accounting firm were

unfamiliar with taxpayer's records, did not establish reasonable cause); Guterman v. Comm'r, 96 T.C.M. (CCH) 457 (T.C. 2008) (taxpayer did not establish reasonable cause despite her unresponsive accountant, and despite the fact that her records were in possession of that accountant or were otherwise unavailable). The Willetts fail to address these cases in their opposition. See generally Willett Opp'n to MTD.

Because the Willetts do not allege facts that would show "reasonable cause" excusing their late filing, the motion to dismiss these claims is granted.

### 2. Late-Payment Penalty

The Willetts also seek a refund for the late-payment penalty. One factor that may constitute reasonable cause for late-payment is financial hardship. See Van Camp & Bennion v. United States, 251 F.3d 862, 868 (9th Cir. 2001). But "evidence of financial trouble, without more, is not enough." Synergy Staffing, Inc. v. IRS, 323 F.3d 1157, 1160 (9th Cir. 2003). The taxpayer must show extraordinary circumstances for financial hardship to constitute reasonable cause. See id.

The Court finds that the Willetts "allege no facts to state a claim for refund of the late-payment penalties." United States Reply (dkt. 24) at 3. The Willetts rely on the same allegations to show they are entitled to a refund for both the late-payment and late-filing penalties. See FAC ¶ 40 at 8. As discussed above, their allegations regarding Ms. Goode's illness have "no relevance to their personal responsibility for timely paying their federal tax liabilities by the applicable due date." United States Reply at 3. For the same reasons, they do not show extraordinary financial hardship. Thus, the Court dismisses the late-payment penalty claim.[1]

### B. Leave to Amend

The Amended Complaint is dismissed with prejudice. This is the Willetts' second

---

[1] As the United States points out, the Willetts reference the Administrative Procedure Act and Declaratory Judgment Act in the jurisdictional statement of their Amended Complaint. MTD at 6; see FAC ¶ 2. But the Willetts do not plead any claims under the APA or DJA. The United States argues that there is no avenue to litigate actions for tax refunds under the APA or DJA, and as a result, the reference to these statutes is inapposite. See MTD at 6. The Willetts do not dispute this argument in their Opposition. See generally Willett Opp'n to MTD. Given all this, the Court concludes that the Willetts have not pled any cognizable APA or DJA claim.

Complaint. This Court has already clearly instructed them on what was necessary to save their claims, and the Willetts were unable to plead sufficient facts to state a claim. Another amendment is likely to be futile. See Leadsinger, 512 F.3d at 532.

IV. **CONCLUSION**

For the foregoing reasons, the United States' motion to dismiss is granted. Dismissal is with prejudice.

**IT IS SO ORDERED.**

Dated: February 25, 2020



CHARLES R. BREYER
United States District Judge